IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOMEVESTORS OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> WARNER BROS. DISCOVERY, INC., <br><br> Defendant. | Civil Action No. 22-1583-RGA |

MEMORANDUM ORDER

The Magistrate Judge issued a Report and Recommendation (D.I. 29) recommending that I deny Defendant's Motion to Dismiss (D.I. 15) the First Amended Complaint ("FAC") (D.I. 14). Defendant filed Objections to the Report. (D.I. 30). Plaintiff responded to Defendant's Objections. (D.I. 31). I have considered the parties' briefing. For the following reasons, I will adopt the Magistrate Judge's Report and Recommendation. Since I write only for the parties, I presume familiarity with the Magistrate Judge's report and the underlying record.

I. **LEGAL STANDARD**

A magistrate judge may make a report and recommendation regarding a case dispositive motion. *Beazer E., Inc. v. Mead Corp.*, 412 F.3d 429, 444 (3d Cir. 2005). "When reviewing the decision of a Magistrate Judge on a dispositive matter, the Court conducts a *de novo* review." 28 U.S.C. §636(b)(1); FED. R. CIV. P. 72(b)(3); *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 379 (D. Del. 2014). A motion to dismiss is considered a dispositive motion. D. Del. LR 72.1(a)(3). The Court may "accept, reject, or modify the recommended disposition…" of the magistrate judge. FED. R. CIV. P. 72(b)(3).

## II. TRADEMARK INFRINGEMENT

Defendant has a television show called "Ugliest House in America." (D.I. 14 ¶ 31). Plaintiff has family of trademarks related to "ugly houses." (D.I. 14 ¶¶ 18–19). One of them is "THE UGLIEST HOUSE OF THE YEAR." (*Id.*).

The Magistrate Judge recommends that I deny the motion to dismiss Plaintiff's trademark infringement claims. (D.I. 29 at 11). This recommendation relies on a conclusion that the *Rogers* test does not apply here because allegations in the FAC are sufficient to support a plausible inference that Defendant's use of the mark was source-identifying. (*Id.* at 6–11; *see Rogers v. Grimaldi*, 875 F.2d 994, 999 (2d Cir. 1989) (holding an infringement claim should be dismissed if the challenged mark (1) "has no artistic relevance to the underlying work," or (2) "explicitly misleads as to the source or the content of the work.")). The Magistrate Judge conducted this source identification inquiry based on the Supreme Court's recent decision in *Jack Daniel's Props., Inc. v. VIP Prods.*, 599 U.S. 140 (2023). The Supreme Court cited with approval a district court case:

> *Rogers*, the [district] court explained, kicks in when a suit involves solely non-trademark uses of a mark—that is, where the trademark is not being used to indicate the source or origin of a product, but only to convey a different kind of message. When, instead, the use is at least in part for source identification—when the defendant may be trading on the good will of the trademark owner to market its own goods—*Rogers* has no proper role.

*Id.* at 156 (citing *Tommy Hilfiger Licensing, Inc. v. Nature Labs, LLC*, 221 F. Supp. 2d 410, 414–15 (S.D.N.Y. 2002)) (cleaned up).

Defendant argues that *Jack Daniel's* requires application of the *Rogers* test in this case because "[u]se of a mark in connection with an expressive work is inherently not source identifying—in other words, there is a dichotomy between an expressive function and a source identifying function." (D.I. 30 at 7). I agree with the Magistrate Judge that such a blanket rule is

2

incompatible with *Jack Daniel's*. (D.I. 29 at 6–7). Assuming the *Rogers* test's viability, *Jack Daniel's* directs courts to first determine whether to apply the test by conducting an inquiry into whether a mark is used for source-identification. 599 U.S. at 155–56. While the Court recognized that titles of artistic works had an "expressive element" and cited several cases where marks in expressive works were not used to designate source, it did not exempt marks in expressive works from this threshold inquiry or declare that such could never serve a source-identifying function. *Id.* at 153–54. On the contrary, the Court acknowledged that a mark might serve multiple functions (i.e., both expressive and source-identifying uses) at the same time. *See id.* at 156 (stating that the *Rogers* test does not apply when a mark's use is "at least in part for source identification."). The Magistrate Judge correctly followed *Jack Daniel's* in conducting an initial source identification inquiry to determine whether the *Rogers* test should apply.[1]

Defendant further contends that the Magistrate Judge's "analysis of 'source identification' conflated that inquiry with the 'likelihood of confusion' inquiry pursuant to the *Lapp* factors." (D.I. 30 at 5–6; *see Interpace Corp. v. Lapp, Inc.*, 721 F.2d 460, 463 (3d Cir. 1983)). I do not understand the Magistrate Judge to be relying on the likelihood of confusion standard. Rather, her analysis considers all facts pertinent to the question of whether the mark was used in a source-identifying manner. (D.I. 29 at 9). Nothing in *Rogers* or *Jack Daniel's* limits the information that can be considered in conducting the source identification inquiry. Some factual allegations may be relevant to both analyses. This overlap, by itself, does not

---

[1] As the Report notes, though several other circuits have adopted the *Rogers* test, the Third Circuit has yet to explicitly endorse the test and the *Jack Daniel's* court declined to discuss its viability. (D.I. 29 at 4–5; *Jack Daniel's*, 599 U.S. at 155, 163). The Magistrate Judge declined to take a position on whether *Rogers* is good law in the Third Circuit. (D.I. 29 at 7 n. 4). I likewise see no need to reach this question at this time, because, even if *Rogers* is good law, I find the test should not be applied here.

present sufficient grounds to eliminate otherwise useful factors from consideration. As the Magistrate Judge notes, Defendant also fails to propose what factors should be examined in conducting the source identification inquiry. (*See id.* at 4–7). Absent further guidance, I believe it appropriate to consider all factual allegations in the FAC that may be pertinent to whether a mark's use is source-identifying. The Magistrate Judge did just that. (*See* D.I. 29 at 9). I agree with her analysis and adopt her recommended disposition.

### III. TRADEMARK DILUTION

The Magistrate Judge found that the FAC included facts sufficient for the federal and state dilution claims to withstand a motion to dismiss. (*Id.* at 11–12). Defendant contends that the Magistrate Judge erred in finding that Plaintiff's allegations plausibly support an inference that Defendant used Plaintiff's mark in a commercial manner. (D.I. 30 at 10). Defendant presents only arguments already considered by the Magistrate Judge. (*Id.* (citing D.I. 16 at 5, 14–16; D.I. 21 at 5; D.I. 27 at 10)). I do not see any error in her reasoning and agree with her conclusion.

### IV. CONCLUSION

For the reasons above, the Magistrate Judge's Report and Recommendation (D.I. 29) is **ADOPTED.**

Defendant's Objections (D.I. 30) are **OVERRULED.**

Defendant's Motion to Dismiss (D.I. 15) is **DENIED.**

IT IS SO ORDERED.

Entered this 21st day of December, 2023

United States District Judge

4