IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 22-1583 (RGA) |
| | ) | |
| v. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| WARNER BROS. DISCOVERY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT WARNER BROS. DISCOVERY, INC.'S
ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Warner Bros. Discovery, Inc. ("WBD" or "Defendant") hereby answers the First Amended Complaint (D.I. 14) filed by HomeVestors of America, Inc. ("HomeVestors" or "Plaintiff"). To the extent any allegations in the First Amended Complaint are not expressly admitted and a response to them is required, all allegations in the FAC are denied. Defendant responds as follows:

RESPONSE TO INTRODUCTION

The introduction to the First Amended Complaint contains argument and legal conclusions that are not directed at Defendant and therefore do not require a response. To the extent any response is required, however, Defendant admits that the television program entitled "Ugliest House in America" airs on HGTV and is an unscripted reality television program involving "ugly" houses needing renovation. Defendant specifically denies that the title "Ugliest House in America" is confusingly similar to any trademarks owned by HomeVestors, that Defendant has infringed any of HomeVestors rights, or that Defendant has in any manner harmed HomeVestors.

Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in the introduction, and on this basis denies them.

## I.     PARTIES[1]

1.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1, and on this basis denies them.

2.     Defendant admits the allegations in Paragraph 2.

## II.     JURISDICTION AND VENUE

3.     Defendant admits that Plaintiff purports to bring an action for trademark infringement, unfair competition, and trademark dilution under 15 U.S.C. §§ 1114, 1125(a), and 1125(c), but denies that Defendant has committed any acts of trademark infringement, unfair competition, or trademark dilution.  Defendant admits that this Court has subject matter jurisdiction over Plaintiff's trademark claims pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367, but denies that Defendant has committed any acts of wrongdoing.  Defendant denies any remaining allegations of Paragraph 3.

4.     Defendant admits that it is a corporation organized under the laws of Delaware. Defendant denies that it has infringed, contributed to the infringement of, and/or actively induced others to infringe HomeVestors' trademarks.  The remaining allegations in Paragraph 4 contain argument and legal conclusions that are not directed at Defendant and therefore do not require a response.

5.     The allegations in Paragraph 5 contain argument and legal conclusions that are not directed at Defendant and therefore do not require a response.

---

[1] For ease of reference only, Defendant has reproduced the headings in the First Amended Complaint herein.  Defendant denies any factual allegations in any headings.

2

6. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6, and on this basis denies them.

7. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and on this basis denies them.

8. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 8, and on this basis denies them.

9. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 9, and on this basis denies them.

10. To the extent the allegations in Paragraph 10 purport to characterize the contents of written documents, said documents speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10, and on this basis denies them.

11. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11, and on this basis denies them.

12. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12, and on this basis denies them.

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13, and on this basis denies them.

14. To the extent the allegations in Paragraph 14 purport to quote from or characterize the contents of written documents, said documents speak for themselves.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14, and on this basis denies them.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15, and on this basis denies them.

16. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16, and on this basis denies them.

17. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and on this basis denies them.

18. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18, and on this basis denies them.

19. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19, and on this basis denies them.

20. To the extent Paragraph 20 contains legal conclusions, no response is required. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20, and on this basis denies them.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21, and on this basis denies them.

22. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22, and on this basis denies them.

23. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23, and on this basis denies them.

24. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24, and on this basis denies them.

25. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25, and on this basis denies them.

26. Defendant admits that it is a media and entertainment company operating in the television, film, streaming, and gaming industries. Defendant admits that it operates HGTV, a television channel that airs content relating to home improvement and real estate, among other things. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26, and on this basis denies them.

27. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27, and on this basis denies them.

28. To the extent the allegations of Paragraph 28 purport to quote from a written document, said document speaks for itself. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28, and on this basis denies them.

29. To the extent the allegations of Paragraph 29 purport to quote from a written document, said document speaks for itself. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29, and on this basis denies them.

30. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30, and on this basis denies them.

31. Defendant admits that the program "Ugliest House in America" is an unscripted reality television program airing on HGTV. Defendant denies any remaining allegations of Paragraph 31.

32. To the extent the allegations of Paragraph 32 purport to quote from a written document, said document speaks for itself. Except as expressly admitted, Defendant lacks

knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32, and on this basis denies them.

33. Defendant admits that "Ugliest House In America" is an unscripted television program and that the home owners appearing in the program are not professional actors. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33, and on this basis denies them.

34. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34, and on this basis denies them.

35. To the extent the allegations of Paragraph 35 purport to quote from a written document, said document speaks for itself. Defendant denies any remaining allegations of Paragraph 35.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36, and on this basis denies them.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37, and on this basis denies them.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38, and on this basis denies them.

39. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39, and on this basis denies them.

40. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40, and on this basis denies them.

41. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41, and on this basis denies them.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant admits the allegations in Paragraph 44.

45. Defendant admits the allegations in Paragraph 45.

46. Defendant admits that advertisements and promotions for the television program include the name of the television program. Except as expressly admitted, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46, and on this basis denies them.

47. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47, and on this basis denies them.

48. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48, and on this basis denies them.

49. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49, and on this basis denies them.

50. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50, and on this basis denies them.

51. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51, and on this basis denies them.

52. Defendant denies the allegations in Paragraph 52.

53. Defendant denies the allegations in Paragraph 53.

54. Defendant denies the allegations in Paragraph 54.

55. Defendant denies the allegations in Paragraph 55.

56. Defendant denies the allegations in Paragraph 56.

57. Defendant denies the allegations in Paragraph 57.

58. Defendant admits that it received a letter dated January 19, 2022, from counsel for HomeVestors. To the extent the allegations of Paragraph 58 purport to quote from a written document, said document speaks for itself. Defendant denies any remaining allegations of Paragraph 58.

59. Defendant admits that its counsel sent a response letter dated January 31, 2022. To the extent the allegations of Paragraph 59 purport to quote from a written document, said document speaks for itself. Defendant denies any remaining allegations of Paragraph 59. Defendant specifically denies that there is any consumer confusion or infringement of HomeVestors' marks.

60. Defendant admits that it received a letter dated February 17, 2022, from counsel for HomeVestors. To the extent the allegations of Paragraph 60 purport to quote from a written document, said document speaks for itself. Defendant denies any remaining allegations of Paragraph 60.

61. Defendant admits that "Ugliest House In America" was renewed for another season. Defendant denies the remaining allegations of Paragraph 61.

62. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62, and on this basis denies them.

63. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63, and on this basis denies them.

64. Defendant admits that it is not "affiliated with" HomeVestors and has not entered into a licensing arrangement with HomeVestors, but denies that any such affiliation or license is necessary. Defendant denies any remaining allegations of Paragraph 64.

65. Defendant admits that it has not registered the mark UGLIEST HOUSE IN AMERICA with the United States Patent & Trademark Office. Defendant denies the remaining allegations of Paragraph 65.

66. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66, and on this basis denies them.

67. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67, and on this basis denies them.

68. Defendant denies that it engaged in any acts of infringement or unfair competition. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 68, and on this basis denies them.

69. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69, and on this basis denies them.

70. Defendant denies the allegations in Paragraph 70.

71. Defendant denies the allegations in Paragraph 71.

72. Defendant denies the allegations in Paragraph 72.

## IV.    [PURPORTED] CLAIMS FOR RELIEF

73. Defendant repeats and realleges the responses and denials set forth in the preceding paragraphs.

74. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74, and on this basis denies them.

75. Defendant denies the allegations in Paragraph 75.

76. Defendant denies the allegations in Paragraph 76.

77. Defendant denies the allegations in Paragraph 77.

78. Defendant repeats and realleges the responses and denials set forth in the preceding paragraphs.

79. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 79, and on this basis denies them.

80. To the extent the allegations of Paragraph 80 purport to state a legal conclusion, no response is required. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 80, and on this basis denies them.

81. Defendant denies the allegations in Paragraph 81.

82. Defendant denies the allegations in Paragraph 82.

83. Defendant denies the allegations in Paragraph 83.

84. Defendant repeats and realleges the responses and denials set forth in the preceding paragraphs.

85. To the extent the allegations of Paragraph 85 purport to state a legal conclusion, no response is required. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 85, and on this basis denies them.

86. Defendant denies the allegations in Paragraph 86.

87. Defendant denies the allegations in Paragraph 87.

88. Defendant repeats and realleges the responses and denials set forth in the preceding paragraphs.

89. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89, and on this basis denies them.

90. To the extent the allegations of Paragraph 90 purport to state a legal conclusion, no response is required. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 90, and on this basis denies them.

91. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91, and on this basis denies them.

92. Defendant denies the allegations in Paragraph 92.

93. Defendant denies the allegations of Paragraph 93.

## RESPONSE TO PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the section of the First Amended Complaint titled "Prayer for Relief," or to any relief in any form from either the Court or from Defendant. Defendant respectfully requests that the Court enter judgment in its favor and against Plaintiff on all of Plaintiff's claims, deny each of Plaintiff's prayers for relief, and award Defendant its costs, attorneys' fees, and any other further relief deemed appropriate by the Court.

## DEFENSES

Defendant asserts the following defenses. Defendant does not concede that it bears the burden of proof as to any of the defenses asserted. Discovery has not yet begun and, therefore, Defendant has not yet collected and reviewed all of the information and materials that may be relevant to the matters and issues raised herein. Accordingly, Defendant reserves the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this case:

## FIRST DEFENSE
### (First Amendment, U.S. Const. amend. I)

1. Plaintiff's claims are barred by the First Amendment because Defendant's alleged conduct is protected expressive speech.

## SECOND DEFENSE
### (Rogers v. Grimaldi doctrine)

2. Plaintiff's claims are barred under the doctrine of *Rogers v. Grimaldi*, 875 F.2d 994 (2d Cir. 1989).

## THIRD DEFENSE
### (Fair Use)

3. Plaintiff's claims are barred by the fair use defense under 15 U.S.C. § 1115(b)(4).

## FOURTH DEFENSE
### (Innocent Intent)

4. Plaintiff's claims fail because any purported use of Plaintiff's alleged trademarks by Defendant was innocent and not willful.

## FIFTH DEFENSE
### (Trademark Misuse)

5. Plaintiff's claims are barred because Plaintiff is misusing its purported trademarks for an anticompetitive purpose, as an unlawful restraint of trade, or otherwise in contravention of the purposes of U.S. trademark or antitrust law.

## SIXTH DEFENSE
### (Statute of Limitations)

6. To the extent that Plaintiff is asserting any claims after the applicable statute of limitations period, such claims are barred.

## SEVENTH DEFENSE
### (Waiver and Estoppel)

7. Plaintiff has waived any right to obtain the relief sought on its purported claims and/or is estopped from obtaining such relief.

## EIGHTH DEFENSE
(Unclean Hands)

8. By virtue of Plaintiff's own careless, negligent, and other wrongful conduct, Plaintiff should be barred from recovering against Defendant by the equitable doctrine of unclean hands.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of its First Amended Complaint;

2. That each and every purported claim for relief set forth in the First Amended Complaint be dismissed with prejudice;

3. For costs of suit, including reasonable attorney's fees incurred herein to the extent permitted by law; and

4. For such other and further relief as the Court may deem just and proper in favor of Defendant.

## JURY TRIAL DEMAND

Defendant hereby demands a trial by jury in this action.

OF COUNSEL:

Aaron J. Moss
Joshua Geller
GREENBERG GLUSKER FIELDS
  CLAMAN & MACHTINGER LLP
2049 Century Park East
Suite 2600
Los Angeles, CA  90067
(310) 553-3610

January 18, 2024

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
mflynn@morrisnichols.com
jying@morrisnichols.com

*Attorneys for Defendant*

14

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 18, 2024, upon the following in the manner indicated:

| | |
|---|---|
| Kelly E. Farnan, Esquire<br>Christine D. Haynes, Esquire<br>RICHARDS, LAYTON & FINGER, P.A.<br>One Rodney Square<br>920 North King Street<br>Wilmington, DE 19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Justin S. Cohen, Esquire<br>Dina W. McKenney, Esquire<br>HOLLAND & KNIGHT LLP<br>One Arts Plaza<br>1722 Routh Street, Suite 1500<br>Dallas, TX 75201<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Tracy Zurzolo Quinn, Esquire<br>HOLLAND & KNIGHT LLP<br>2929 Arch Street, Suite 800<br>Philadelphia, PA 19104<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Michael J. Flynn*
_____
Michael J. Flynn (#5333)