# EXHIBIT 1

***CONTAINS RESPONSES SUBJECT TO THE PROTECTIVE ORDER***

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOMEVESTORS OF AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-1583-RGA |
| | ) | |
| WARNER BROS. DISCOVERY, INC. | ) | |
| | ) | |
| Defendant. | ) | |

### HOMEVESTORS' SECOND AMENDED OBJECTIONS AND RESPONSES TO
### DEFENDANT'S INTERROGATORIES NOS. 1-19

Pursuant to the Federal Rules of Civil Procedure, Plaintiff HomeVestors of America, Inc.

("HomeVestors") submits the following Second Amended Objections and Responses to Defendant

Warner Bros. Discovery, Inc.'s Interrogatories Nos. 1-19.  HomeVestors provides these objections

and responses based on information currently available to it, but its investigation into these matters

is ongoing. HomeVestors will supplement its objections and responses as necessary in accordance

with the rules.

### PRELIMINARY STATEMENT AND
### OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.      By responding to the interrogatories, HomeVestors does not waive any objection

that may be applicable to: (1) the use, for any purpose, by HomeVestors of any information given

in response to the interrogatory; or (2) the admissibility, privilege, relevancy, authenticity, or

materiality of any of the information to any issue in the case. HomeVestors expressly reserves the

right to object to the use of these responses and the subject matter contained in them during any

subsequent proceeding, including the trial of this or any other action.

2.      HomeVestors' responses to the interrogatories are made to the best of

HomeVestors' present knowledge, information, and belief. Discovery in this case and

HomeVestors' investigation is ongoing, and these responses therefore are at all times subject to reasonable supplementation and amendment as discovery in this matter progresses.

3.      By stating that it will provide information or produce documents in response to any particular interrogatory, HomeVestors makes no representation that any such information or documents exist, but rather if such information or documents exist, and are within HomeVestors' possession, custody, or control, and can be located in the course of a reasonably diligent search, they will be produced at a mutually convenient time and place to be agreed upon by the parties and after the Court has entered an appropriate protective order.

4.      No incidental or implied admissions are intended by the responses provided herein. The mere fact that HomeVestors has answered or objected to an interrogatory should not be taken as an admission that HomeVestors admits the existence of any facts set forth or assumed by such interrogatory. That HomeVestors has answered part or all of any interrogatory is not intended to be, and shall not be, construed to be a waiver by HomeVestors of any part of any objection to any interrogatory.

5.      HomeVestors objects to the definition of "HomeVestors," "You," and "Your" because it includes affiliates, predecessors, successors, subsidiaries, divisions, parent companies, and all past or present directors, officers, agents, representatives, employees, consultants, attorneys, and others acting on its behalf.

6.      HomeVestors objects to the definitions of "Identify," "Describe in detail," "State in detail," "State the factual basis(es)," "State the complete factual basis(es)," "State the factual and legal basis(es)," and "State the complete factual and legal basis(es)" as overly broad, unduly burdensome, and not proportional to the needs of the case.

7.      HomeVestors objects to the definitions of "relate" and "relating to" as overly broad, unduly burdensome, and not proportional to the needs of this case.  A demand that a party identify and produce documents "concerning" and "relating to" (which are including in the definition of "regarding") is facially overly broad and vague, and fails to describe with reasonable particularity the documents sought. *See TIC Park Ctr. 9, LLC v. Cabot*, No. 16-cv-24569, 2017 WL 3034547, at *5 (S.D. Fla. July 18, 2017) (recognizing that courts "nearly always" find requests using "vague terms such as 'concerning' or 'relating to'" to be inappropriately overbroad); *Great Lakes Transp. Holding LLC v. Yellow Cab Serv. Corp. of Fla.*, No. 10-cv-80241, 2010 WL 5093746, at *6 (S.D. Fla. Dec. 8. 2010) (noting that document requests using the terms "relate to" or "concerning" are by their nature overbroad, vague, and ambiguous); *Carter v. Archdale Police Dep't*, No. 1:13-cv-613, 2014 WL 1774471, at *5 (M.D.N.C. May 2, 2014) ("'A request for all documents 'relating to' a subject is usually subject to criticism as overbroad since . . . all documents 'relate' to all others in some remote fashion.'"); *Sonnino v. Univ. of Kan. Hosp. Auth.*, No. 02-cv-2576, 2004 WL 764085, at *5 (D. Kan. Apr. 8, 2004) (holding that request for production seeking "all documents that relate to or concern" a particular topic was "overly broad on its face")

8.      HomeVestors objects to the definitions and instructions because they seek to expand the scope of discovery obligations imposed by the Rules or other applicable law. HomeVestors will respond to Defendants' discovery requests as may be required by the Rules or applicable law.

## OBJECTIONS AND RESPONSE TO INTERROGATORIES

**INTERROGATORY NO. 1:**

DESCRIBE in detail the manner in which YOU select contestants or participants for YOUR "Ugliest House of the Year" contest, including in YOUR response an identification of all persons involved in selecting contestants or participants for YOUR "Ugliest House of the Year" contest from January 2018 to the present.

**AMENDED RESPONSE TO INTERROGATORY NO. 1:**   HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "Describe in detail."  HomeVestors also objects to this interrogatory because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case.  HomeVestors further objects to this interrogatory because it contains multiple discrete subparts.

Subject to and without waiving the foregoing, HomeVestors responds that every year, from 2007 to the present, HomeVestors' advertising and marketing firm, Calise Partners, LLC d/b/a Imaginuity ("Imaginuity"), solicits entries for contestants for The Ugliest House of the Year contest from HomeVestors' nationwide network of franchisees.  Imaginuity solicits entries for contestants in multiple ways, including via social media and email.  Imaginuity then collects entry submissions and coordinates with HomeVestors to select contestants from those entry submissions from HomeVestors' franchisees.  Contestants are selected based on multiple factors, including, but not limited to, the "before" and "after" photos of the house that were submitted showing how the franchisee remodeled a house, transforming it into a desirable home. The individuals involved in the selection of participants from franchisee submissions since 2018 include, but are not limited

to, Molly Brill (formerly with Imaginuity), Ariel Herr (Imaginuity), Allie Nichols (Imaginuity), Lea Tyner (Imaginuity), Bonnie DePasse (former General Counsel for HomeVestors), Anthony Lowenberg (current General Counsel for HomeVestors), and Megan Hoyt (current Deputy General Counsel for HomeVestors).

**INTERROGATORY NO. 2:**

IDENTIFY all persons involved in advertising or promoting YOUR "Ugliest House of the Year" contest, including in YOUR response an identification of any third-party marketing agencies or consultants that YOU work with in connection with advertising or promoting YOUR "Ugliest House of the Year" contest and DESCRIBE in detail the nature of each person or entity's work.

**AMENDED RESPONSE TO INTERROGATORY NO. 2:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "Identify."  HomeVestors also objects to this interrogatory as unduly burdensome, irrelevant, and disproportional to the needs of the case because it does not have a time limitation.

Subject to and without waiving the foregoing, HomeVestors responds that Imaginuity is primarily responsible for advertising and promoting The Ugliest House of the Year contest on behalf of HomeVestors.   In addition, HomeVestors' franchisees regularly promote the Ugliest House of the Year contest, even holding local events in support of the national contest.  For example, with HomeVestors' permission pursuant to the franchise license, HomeVestors' Boston franchisees have hosted a "Boston Edition" of The Ugliest House of the Year contest. *See, e.g.*,

https://www.youtube.com/watch?v=0f8TUKVoYig.   HomeVestors further incorporates its responses to Interrogatory Nos. 1 and 3.

**INTERROGATORY NO. 3:**

DESCRIBE in detail how the "voting by the public" referenced in Paragraph 16 of the FAC occurs, including the methods by which votes are solicited and recorded, the number of entries each year, the number of votes received for each entry, and identity of the winner of YOUR "Ugliest House of the Year" contest, on a year-by-year basis from 2007 to present.

**AMENDED RESPONSE TO INTERROGATORY NO. 3:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "Describe in detail."  HomeVestors also objects to this interrogatory because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case.

Subject to and without waiving the foregoing, HomeVestors responds that, from about 2019 to the present, The Ugliest House of the Year has been a social-media based contest. Imaginuity posts all contestants to HomeVestors' Facebook account at https://www.facebook.com/webuyuglyhouses/ and HomeVestors' Instagram account at https://www.instagram.com/webuyuglyhouseshomevestors/ so that the public can view the before-and-after pictures submitted by the contestants and vote for the contestant with the best renovation. Votes are tallied based on the number of "likes," "shares," and "comments" for each entry. The winning contestant receives a donation from HomeVestors to their local chapter of Habitat for Humanity®, a nonprofit organization providing safe and affordable homes to underserved

6

communities.  In accordance with Rule 33(d), the number of votes received for each entry and identity of the winner of The Ugliest House of the Year contest since at least 2020 is publicly available at https://www.facebook.com/webuyuglyhouses/ and/or https://www.instagram.com/webuyuglyhouseshomevestors/.

Pursuant to Rule 33(d), HomeVestors further responds by identifying the following documents, which include HomeVestors Ugliest House Contest Rules:  HVA_00011490; HVA_00011492; HVA_00011494; and HVA_00011497.

**INTERROGATORY NO. 4:**

DESCRIBE in detail your advertising or promotion of YOUR "Ugliest House of the Year" contest, including in YOUR response an identification of all of the channels, methods and media through which YOU advertise or promote YOUR "Ugliest House of the Year" contest, all social media and press mentions received by YOUR "Ugliest House of the Year" contest, as alleged in Paragraph 11 of the FAC, and the dollar amount spent on advertising and promoting YOUR "Ugliest House of the Year" contest, exclusive of and separate from any of YOUR other advertising or promotional spending, each year from 2014 to the present.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 4:**  HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "Describe in detail."  HomeVestors also objects to this interrogatory because the timeframe is unduly burdensome, irrelevant, and disproportional to the needs of the case. HomeVestors further objects to this interrogatory because it contains multiple discrete subparts.

Subject to and without waiving the foregoing, HomeVestors responds that The Ugliest House of the Year contest is primarily advertised and promoted on social media via Facebook and Instagram. After a winner is selected, HomeVestors issues a press release and further promotes the winner in conjunction with Habitat for Humanity® via various channels, including social media and local, regional, and national press. Imaginuity posts all contestants and winners to HomeVestors' Facebook account at https://www.facebook.com/webuyuglyhouses/ and HomeVestors' Instagram account at https://www.instagram.com/webuyuglyhouseshomevestors/.

Pursuant to Rule 33(d), HomeVestors further responds by identifying the following documents, which include examples of public relations reports, media hit reports, contest creatives, social media posts, videos, and advertising spending to promote The Ugliest House of the Year contest:  HVA_00007577-7769;  HVA_00008032-8172;  HVA_00024556;  HVA_00024650;  HVA_00013180, HVA_00013181 - HVA_00013413; and HVA_00013414; HVA_00030306;  HVA_00030403;  HVA_00030416;  HVA_00030445;  HVA_00030528;  HVA_00030622;  HVA_00030981;  HVA_00031075;  HVA_00031097;  HVA_00031191;  HVA_0040308;  HVA_00040410;  HVA_00040422;  HVA_00040500;  HVA_00040521;  HVA_00040542;  HVA_00040556;  HVA_00040574;  HVA_00040575;  HVA_00040576;  HVA_00040577;  HVA_00040578; and HVA_00040579.

**INTERROGATORY NO. 5:**

DESCRIBE in detail YOUR target audience and market for the "Ugliest House of the Year" contest.

**RESPONSE TO INTERROGATORY NO. 5:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the

claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "Describe in detail."

Subject to and without waiving the foregoing, HomeVestors responds that the target audience for The Ugliest House of the Year contest includes, but is not limited to, homeowners, individuals interested in selling their homes, individuals interested in home renovations (including renovating their own homes), current and potential future HomeVestors' franchisees, and the general public.

**INTERROGATORY NO. 6:**

State the complete legal and factual basis for YOUR contention that WBD has competed with "HomeVestors' franchisees for houses and homeowners" as alleged in Paragraph 56 of the FAC.

**AMENDED RESPONSE TO INTERROGATORY NO. 6:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "State the legal and factual basis."

Subject to and without waiving the foregoing, HomeVestors responds that, based on information currently available to HomeVestors, WBD, in conjunction with Big Fish Entertainment, advertises to and solicits homeowners to serve as content and contestants on its television program and home renovation contest Ugliest House in America. More specifically, WBD seeks houses with issues, such as odd designs, that make resale or marketability difficult. WBD also seeks homeowners that desire to remodel these houses as they compete for a renovation paid for by WBD (specifically, a $150,000 makeover by designer Alison Victoria). Similarly,

HomeVestors advertises extensively directly to similar homeowners with similar houses to encourage these same homeowners to sell their homes to HomeVestors' franchisees. More specifically, HomeVestors and its franchisees spend millions of dollars on advertising yearly to ensure that similar homeowners that own homes with issues making resale difficult know that HomeVestors' franchisees will buy these houses "as-is." These homes typically need some amount of maintenance, cleaning, renovation, and/or remodeling. HomeVestors' franchisees typically purchase these homes and often remodel or renovate them for resale or to serve as rentals. HomeVestors also conducts its own yearly contest called The Ugliest House of the Year to showcase HomeVestors' franchisees' successful home renovation transformations.

The fact that both WBD and HomeVestors' franchisees are competing for the same homes and homeowners is evidenced by the fact that Big Fish Entertainment reached out to HomeVestors while the show was in production, and before the show aired, with a proposal to use HomeVestors' network of franchisees to locate homes and homeowners for WBD's television show. Further, on information and belief, both WBD and HomeVestors are advertising through similar channels (e.g., television and social media), to the same consumers (homeowners with homes that have issues), are seeking to contract with these homeowners (e.g., HomeVestors' franchisees seek to buy these houses while WBD seeks to use the houses as content for its television show), and are using similar (and sometimes nearly identical) marks to advertise to these consumers (e.g., WE BUY UGLY HOUSES and THE UGLIEST HOUSE OF THE YEAR vs. UGLIEST HOUSE IN AMERICA). As one example, the winner of WBD's first season television contest was a home in Soddy Daisy Tennessee, who then sold their home soon after WBD completed the renovation.[1] In the last 5 years, HomeVestors has received at least 30 leads on houses in Soddy Daisy Tennessee,

---

[1] https://www.trulia.com/home/8314-gann-rd-soddy-daisy-tn-37379-41376596

demonstrating that similar homeowners in the same town were considering selling their homes to HomeVestors and pursuing WBD's home remodel contest as options for their own homes.

HomeVestors further responds that Big Fish Entertainment and WBD have produced data and spreadsheets showing both actual and potential contestants, such as WBD's talent/casting/appearance release contracts (e.g., WBD 0001751 - WBD 0003717) and Big Fish's spreadsheets showing actual and potential contestants (e.g., BFE_000024, BFE_000027, BFE_000595, BFE_000677, BFE_000760, BFE_000844, BFE_003701, BFE_003709, BFE_003732, BFE_003735, BFE_003758, BFE_003761, BFE_003784, BFE_003810, and BFE_003811). A preliminary comparison of the names and address of people and houses that were actual and potential contestants for the show Ugliest House in America shows a considerable overlap with the leads in HomeVestors CRM Salesforce database called UGVille (*see* HVA_00045376), such as potential contestants and HomeVestors' leads being in the same geographic areas, and having similar houses in terms of home values and sellability. In addition, HomeVestors has examples of specific homes where a HomeVestors franchisee has directly competed with HGTV for homes (*see, e.g.*, HVA_00045288 - HVA_00045351).

**INTERROGATORY NO. 7:**

State the complete legal and factual basis for YOUR contention that "at least some of Defendant's show contestants would have been customers of one of HomeVestors' franchisees, but for Defendant's infringement and unfair competition," as alleged in Paragraph 68 of the FAC.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 7:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking

information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "State the legal and factual basis."

Subject to and without waiving the foregoing, HomeVestors responds by incorporating its response to Interrogatory No. 6.  In addition, HomeVestors' franchisees provide solutions to sellers, for example, by buying these properties, renovating them, and either selling or renting them out. Further, because converting leads into sales often depends on timing, the fact that WBD is offering a potentially free $150,000 remodel to HomeVestors' potential customers negatively impacts HomeVestors' franchisees' ability to convert leads to sales. HomeVestors offers sellers the ability to avoid the cost of remodels by selling "as-is" to our franchisees. WBD's offer of a free remodel to its show contestants reduces homeowners' incentives to sell to HomeVestors, as HomeVestors can no longer use the avoidance of remodel costs to convert leads to sales. In addition, WBD offers homeowners national exposure for their properties through participation on an HGTV show, in unfair competition with HomeVestors.

**INTERROGATORY NO. 8:**

IDENTIFY any television programs in which you have advertised (including, without limitation, YOUR receipt of "in-kind advertising") during the past five years.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 8:**   HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "Identify."  HomeVestors also objects to this interrogatory because the timeframe is unduly burdensome, irrelevant, and disproportional to

the needs of the case. HomeVestors further objects to this interrogatory because it contains multiple discrete subparts.

Subject to and without waiving the foregoing, pursuant to Rule 33(d), HomeVestors responds by identifying the following documents: HVA_00023087 – 23865 and HVA_00040309 – 40409.

**INTERROGATORY NO. 9:**

IDENTIFY all trademarks, trademark applications, or trademark registrations to which YOU have objected or which YOU have opposed.

**AMENDED RESPONSE TO INTERROGATORY NO. 9:**   HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.   HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "Identify."   HomeVestors also objects to this interrogatory as unduly burdensome, irrelevant, and disproportional to the needs of the case because it does not have a time limitation, and would require HomeVestors to identify each and every third-party use of similar, infringing marks where HomeVestors has objected, whether via a letter or more informally.   HomeVestors further objects to this interrogatory because the information is publicly available and the burden of providing it is the same both parties and should be borne by WBD.

Subject to and without waiving the foregoing, HomeVestors responds under Rule 33(d) by identifying the following proceedings in the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office where HomeVestors opposed a trademark application or petitioned to cancel a registration: 92075326, 91249506, 88087170, 91170317, 91166192, and 91163253.

13

**INTERROGATORY NO. 10:**

IDENTIFY all lawsuits RELATING TO the MARKS.

**RESPONSE TO INTERROGATORY NO. 10:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "Identify." HomeVestors also objects to this interrogatory as unduly burdensome, irrelevant, and disproportional to the needs of the case because it does not have a time limitation. HomeVestors further objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because a demand that a party identify all lawsuits "relating to" the specified subject is facially overly broad and vague, and fails to describe with reasonable particularity the documents sought. *See TIC Park Ctr. 9*, 2017 WL 3034547, at *5; *Great Lakes Transp. Holding LLC*, 2010 WL 5093746, at *6; *Carter*, 2014 WL 1774471, at *5; *Sonnino*, 2004 WL 764085, at *5. HomeVestors further objects to this interrogatory because the information is publicly available and the burden of providing it is the same both parties and should be borne by WBD.

Subject to and without waiving the foregoing, HomeVestors responds under Rule 33(d) by identifying a listing of lawsuits brought by HomeVestors to protect its brand, attached as Exhibit A.

**INTERROGATORY NO. 11:**

DESCRIBE in detail all products or services in connection with which YOU have used THE UGLIEST HOUSE MARKS.

**RESPONSE TO INTERROGATORY NO. 11:**  HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "Describe in detail."  HomeVestors also objects to this interrogatory as unduly burdensome, irrelevant, and disproportional to the needs of the case because it does not have a time limitation.

Subject to and without waiving the foregoing, HomeVestors responds by identifying its trademark registrations in Exhibit B in accordance with Rule 33(d), which include each trademark's classes and descriptions of the goods and services. In addition, HomeVestors responds that HomeVestors is a real estate franchisor that provides its franchisees with tools and services to identify and purchase homes "as is," focusing on homes that have issues, such as being in disrepair or in need of renovation.

**INTERROGATORY NO. 12:**

IDENTIFY each consumer that YOU allege has been confused, mistaken or deceived as a result of WBD's alleged use of YOUR MARKS and provide a detailed description of each such instance including the name, address and contact information for each such consumer, the date on which such instance occurred, the circumstances and context in which such instance occurred, and the identity of the individuals at HOMEVESTORS most knowledgeable about each such instance.

**AMENDED RESPONSE TO INTERROGATORY NO. 12:**  HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to

the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "Identify."

HomeVestors further responds that there are at least several instances of actual confusion. For example, the National Association of Realtors confused the names of WBD's show and HomeVestors' contest (*see*, *e.g.*, https://www.nar.realtor/blogs/styled-staged-sold/inside-the-ugliest-house-in-americas-transformation, produced at HVA_00024674). And one of HomeVestors' own marketing vendors confused the names of WBD's show and HomeVestors' contest (*see, e.g.*, HVA_00036243, HVA_00036338, and HVA_00035887). HomeVestors is also aware that sellers have asked franchisees if HomeVestors is affiliated with WBD's show Ugliest House in America. For example, Robert Sturrock, who is a development agent and franchisee, has been informed by other franchisees that home sellers have asked if HomeVestors is affiliated with WBD's show.

HomeVestors is not presently aware of any specific homeowners that were potential customers of HomeVestors that have been actually confused into believing that WBD's show "Ugliest House in America" is associated with HomeVestors. However, because HomeVestors is a real estate franchisor, it would be unlikely for HomeVestors to receive such information from homeowners. Homeowners who are potential customers of HomeVestors primarily communicate directly with HomeVestors' franchisees, not with HomeVestors (the franchisor). Further, homeowners that are potential customers generally communicate with HomeVestors' franchisees via phone calls, text messaging, and in-person conversations. If any such homeowners were actually confused and communicated that fact to a franchisee, those homeowners and franchisees would be unlikely to communicate that fact to HomeVestors, as the franchisor. Further, due to the volume of leads and nature of the business, a franchisee who spoke with a confused homeowner

16

would be unlikely to communicate that information to HomeVestors, their franchisor, given that there are over 1,000 franchisees who are focused on moving discussions forward to purchase homes, and not reporting instances of actual confusion.

Further, although HomeVestors has sought discovery from WBD and Big Fish, they have not provided communications with potential contestants of the show. Such communications may show that homeowners that responded to the casting calls or provided feedback to WBD about the show mistakenly believed that the show was associated with HomeVestors. However, neither Big Fish nor WBD have provided communications with potential contestants or any feedback from viewers of the show. Finally, as detailed in these other responses, including HomeVestors' response to Interrogatory No. 17 (which is hereby incorporated by reference), due to the fact that most, if not all, of the *Lapp* factors show a likelihood of confusion, HomeVestors contends that there is likely to be some actual confusion in the marketplace.

Discovery is ongoing and HomeVestors will supplement its response to this interrogatory as necessary as discovery progresses.

**INTERROGATORY NO. 13:**

DESCRIBE in detail any survey or investigation YOU conducted RELATING TO purported consumer confusion as a result of any conduct by WBD alleged in the FAC.

**RESPONSE TO INTERROGATORY NO. 13:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "Describe in detail."  HomeVestors further objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case because a demand

that a party identify a category of materials "relating to" the specified subject is facially overly broad and vague, and fails to describe with reasonable particularity the documents sought. *See TIC Park Ctr. 9*, 2017 WL 3034547, at *5; *Great Lakes Transp. Holding LLC*, 2010 WL 5093746, at *6; *Carter*, 2014 WL 1774471, at *5; *Sonnino*, 2004 WL 764085, at *5. HomeVestors also objects to this interrogatory because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery and because it improperly seeks matter that falls within the scope of expert testimony.

Pursuant to the foregoing objections, HomeVestors will not respond to this Interrogatory.

**INTERROGATORY NO. 14:**

To the extent that YOU contend that WBD did not select the title "Ugliest House in America" for the PROGRAM in good faith, state the complete legal and factual basis for YOUR contention.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 14:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "State the legal and factual basis."

Subject to and without waiving the foregoing, HomeVestors responds that HomeVestors has used THE UGLIEST HOUSE OF THE YEAR marks since at least 2007. THE UGLIEST HOUSE OF THE YEAR marks have been continuously registered since 2009 (see Reg. Nos. 3641362, 3641361, 5,304,576, and 5,304,577) based on applications that were originally filed in 2008, putting WBD at least on constructive notice of HomeVestors' marks contained in Exhibit B to this interrogatory response ("THE UGLIEST HOUSE Marks") long before WBD chose to use

the mark UGLIEST HOUSE IN AMERICA for its own home renovation contest and television program. The active, U.S. federal registrations for THE UGLIEST HOUSE OF THE YEAR marks are incontestable.

Further, WBD has certain policies and procedures that require WBD or someone on behalf of WBD to perform a search for potential third-party IP (including trademarks) and attempt to avoid potentially infringing such third-party IP. WBD received a trademark search report (WBD 0010273) before airing the show that included all of HomeVestors' UGLIEST HOUSE Marks, demonstrating that WBD had actual notice of HomeVestors' UGLIEST HOUSE Marks and its trademark rights before airing the show. Thus, WBD both should have known and, in fact, knew about the UGLIEST HOUSE Marks prior to adopting its own confusingly similar mark, suggesting bad faith.

In addition, on at least one occasion, representatives from WBD had discussions with HomeVestors and/or its franchisees about participating in a television show on HGTV. For example, in early 2021, one of HomeVestors' franchisees (Marco Icaza) discussed the possibility of participating in a show about wholesaling with a producer associated with HGTV. Also, one of HGTV's stars, Tarek El Moussa, the host of the show Flip or Flop, received a cease and deist letter from HomeVestors in 2020 due to his infringement of at least one of the UGLIEST HOUSE Marks. Such interactions demonstrate that WBD both knew and should have known about HomeVestors and its marks.

Notably, WBD is an American-based multinational mass media and entertainment conglomerate headquartered in New York City with over $40 billion in yearly revenue. WBD's business is in the development, production, distribution, and broadcast of filmed entertainment, including motion pictures and television programming. WBD owns numerous brands, including

19

HBO, MAX, Warner Bros, HGTV, Discovery, CNN, TBS, TNT, TLC, DC, TNT Sports, Cooking Channel, Animal Planet, HLN, Cartoon Network, New Line Cinema, Cinemax, Motortrend, TCM, and many others. Each of WBD's brands develops and hosts content protected by intellectual property, including trademarks. WBD regularly develops content and seeks to protect its brands and content through trademark protection, including by obtaining (or attempting to obtain) federal trademark registrations for the titles of its recurring television programs. Examples include at least the following:

| HGTV Show | Trademark Application/Registration |
|---|---|
| UGLY HOUSES | Ser. No. 85305659 |
| AMERICA'S UGLIEST HOMES | Ser. No. 85798548 |
| AMERICA'S UGLIEST HOMES | Ser. No. 85798551 |
| Flip Or Flop<br>https://watch.hgtv.com/show/flip-or-flop-hgtv-atve-us | FLIP OR FLOP<br>Reg. No. 4822237 |
| Flop or Flop Atlanta<br>https://www.hgtv.com/shows/flip-or-flop-atlanta | FLOP OR FLOP ATLANTA<br>Reg. No. 5938494 |
| House Hunters<br>https://www.hgtv.com/shows/house-hunters | HOUSE HUNTERS<br>Reg. No. 3452934 |
| House Hunters International<br>https://www.hgtv.com/shows/house-hunters-international | HOUSE HUNTERS INTERNATIONAL<br>Reg. No. 3452935 |
| House Hunters on Vacation<br>https://www.hgtv.com/shows/house-hunters-on-vacation | HOUSE HUNTERS ON VACATION<br>Reg. No. 4210049 |
| Love It Or List It<br>https://www.hgtv.com/shows/love-it-or-list-it | LOVE IT OR LIST IT<br>Reg. No. 4777880 |

| HGTV Show | Trademark Application/Registration |
|---|---|
| Property Brothers<br>https://www.hgtv.com/shows/property-brothers | PROPERTY BROTHERS<br>Reg. No. 4954241 |
| Brother vs. Brother<br>https://www.hgtv.com/shows/brother-vs-brother | BROTHER VS. BROTHER<br>Reg. No. 4560936 |
| My Lottery Dream Home<br>https://www.hgtv.com/shows/my-lottery-dream-home | MY LOTTERY DREAM HOME<br>Reg. No. 5013602 |
| Rock The Block<br>https://www.hgtv.com/shows/rock-the-block | ROCK THE BLOCK<br>Reg. No. 6222967 |
| Windy City Rehab<br>https://www.hgtv.com/shows/windy-city-rehab | WINDY CITY REHAB<br>Reg. No. 6291301 |
| Celebrity IOU<br>https://www.hgtv.com/shows/celebrity-iou/episodes | CELEBRITY IOU<br>Reg. No. 6222969 |
| Color Splash<br>https://www.hgtv.com/shows/color-splash | COLORSPLASH<br>Reg. No. 3510986 |
| Elbow Room<br>https://www.hgtv.com/shows/elbow-room | ELBOW ROOM<br>Reg. No. 4238183 |
| Luxe for Less<br>https://www.hgtv.com/shows/luxe-for-less | LUXE FOR LESS<br>App. Ser. No. 77354902 |
| Real Estate Intervention<br>https://www.imdb.com/title/tt1471759/ | REAL ESTATE INTERVENTION<br>App. Ser. No. 77666493 |

The table above is just a small portion of the many registered trademarks for recurring television shows on just one of WBD's television brands, namely HGTV (which also provides the

show at issue).  WBD filed trademark applications for UGLY HOUSES (Ser. No. 85305659),

AMERICA'S UGLIEST HOMES (Ser. No. 85798548), and AMERICA'S UGLIEST HOMES

(Ser. No. 85798551). In connection with attempting to register these trademarks, WBD either knew

of should have known about HomeVestors' UGLIEST HOUSE Marks due to the fact that these

marks are nearly identical to HomeVestors' registered marks, including HomeVestors' UGLIEST

HOUSE Marks.

A search of the USPTO's records reveals dozens of additional registrations for WBD's

other shows on WBD's other brands, including SUCCESSION[2], THE LAST OF US[3], GAME OF

THRONES[4], and THE SOPRANOS[5], just to name a few.  WBD and its predecessor companies

have filed lawsuits to protect its intellectual property. Given WBD's extensive knowledge and

dependence on intellectual property protection for its content, HomeVestors believes that WBD

knows to conduct internet and trademark clearance searches when naming its television shows to

avoid conflicts with other shows and trademark brands. Accordingly, HomeVestors believes that

WBD either knew or should have known about HomeVestors' THE UGLIEST HOUSE OF THE

YEAR contest and HomeVestors' trademark registrations before it selected the title "Ugliest

House in America" for its television show and home renovation contest.

Further, WBD's production company Big Fish Entertainment, reached out to HomeVestors

prior to WBD advertising and airing the TV show, suggesting a collaboration with HomeVestors

in which  HomeVestors would send prospective "ugly" homes to WBD to use as contestants for

the show and home renovation contest. The fact that WBD's production company made this

connection between the marks and the services provided by both WBD and HomeVestors shows

---

[2] https://tsdr.uspto.gov/#caseNumber=87213449&caseType=SERIAL_NO&searchType=statusSearch
[3] https://tsdr.uspto.gov/#caseNumber=90310650&caseType=SERIAL_NO&searchType=statusSearch
[4] https://tsdr.uspto.gov/#caseNumber=77756220&caseType=SERIAL_NO&searchType=statusSearch
[5] https://tsdr.uspto.gov/#caseNumber=78867796&caseType=SERIAL_NO&searchType=statusSearch

that WBD chose the name UGLIEST HOUSE IN AMERICA knowing it would convey an actual affiliation with, or at a minimum suggest affiliation with, HomeVestors and its marks. At the least, it shows that creators of the show initially associated the name of the show with the UGLIEST HOUSE Marks (that such association is not only likely but actual), and that they were aware of the UGLIEST HOUSE Marks when the name was chosen and the show was being developed. By proceeding with use of the name UGLIEST HOUSE IN AMERICA without HomeVestors' permission or collaboration, WBD intended to capitalize on HomeVestors' goodwill, by using the name and suggested association to attract homeowners to be contestants on WBD's home renovation contest, in competition with HomeVestors. WBD also emphasizes the words UGLY and UGLIEST in its advertising and promotional materials, further strengthening the association between WBD's mark and HomeVestors' UGLIEST HOUSE marks.

HomeVestors further responds that discovery is ongoing and HomeVestors will supplement its response to this interrogatory as necessary as discovery progresses pursuant to Rule 33(a)(2).

## INTERROGATORY NO. 15:

To the extent that YOU contend that WBD's purported use of the MARKS was not a fair use, state the complete legal and factual basis for YOUR contention.

**AMENDED RESPONSE TO INTERROGATORY NO. 15:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "State the legal and factual basis."  HomeVestors also objects to this

interrogatory because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors responds that it is WBD's obligation to establish its affirmative defenses, such as fair use. And to date, WBD has not provided any discovery or disclosure of the basis for its affirmative defenses.

Based on the information currently available to HomeVestors, WBD's use is neither nominative fair use nor descriptive, or classic, fair use. First, nominative fair use applies where a defendant has used the plaintiff's mark to describe the *plaintiff's* goods or services, and HomeVestors does not understand WBD to be making that argument. *See Century 21 Real Est. Corp. v. Lendingtree, Inc.*, 425 F.3d 211, 222 (3d Cir. 2005). Second, WBD's use of the UGLIEST HOUSE IN AMERICA name does not meet any of the criteria for classic fair use: (1) WBD uses the name as a mark, which alone defeats the fair use defense. (2) WBD's use of the mark is not merely descriptive of its own services. (3) WBD's use of its mark is not in good faith (see response to Interrogatory No. 14, which is incorporated into this response). *See Spark Therapeutics, Inc. v. Bluebird Bio, Inc.*, No. CV 21-00705-WCB, 2022 WL 605724, at *10 (D. Del. Jan. 25, 2022); *see also* 15 U.S.C. § 1125(c)(3)(A) (indicating there is no fair use defense for dilution when a mark is used "as a designation of source for [WBD's] own goods or services").

In addition, HomeVestors incorporates its response to Interrogatory No. 14, which demonstrates how WBD did not adopt or use the title "UGLIEST HOUSE IN AMERICA" or any of its similar marks in good faith.

HomeVestors further responds that discovery is ongoing and HomeVestors will supplement its response to this interrogatory as necessary as discovery progresses pursuant to Rule 33(a)(2).

**INTERROGATORY NO. 16:**

State the complete legal and factual basis for YOUR contention in paragraph 76 of the FAC that WBD's purported conduct was "intentional and willful."

**AMENDED RESPONSE TO INTERROGATORY NO. 16:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "State the legal and factual basis." HomeVestors also objects to this interrogatory because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, HomeVestors incorporates its response to Interrogatory No. 14. In addition to WBD's knowing and willful adoption and/or continued use of a confusingly similar name, as described in response to No. 14, WBD commenced use of the UGLIEST HOUSE IN AMERICA mark after receiving a trademark search report showing the UGLIEST HOUSE Marks. WBD then continued to use the UGLIEST HOUSE IN AMERICA mark and other advertisements using the words UGLY or UGLIEST in combination with HOUSE after receiving letters from HomeVestors in January and February 2022 informing WBD of the likelihood of confusion between WBD's and the UGLIEST HOUSE Marks and allegations of infringement. WBD then renewed the show for additional seasons during the pendency of this lawsuit. WBD did not take any action in response to actual notice of HomeVestors' trademark rights to prevent consumer confusion or mitigate the harm to HomeVestors; instead, WBD launched the show, renewed the show for additional seasons, and continued using marks similar to HomeVestors' UGLIEST HOUSE Marks to advertise the show to viewers and homeowners. Similarly, after HomeVestors filed suit in December of 2022, WBD took no actions to respect the

Docusign Envelope ID: 837C14EA-1816-47EF-9049-2A908B2128A5

intellectual property rights of HomeVestors. Instead, WBD continues to renew the show for additional seasons and continues utilizing marks that are nearly identical to HomeVestors' UGLIEST HOUSE marks to advertise its show and solicit contestants, thus competing with HomeVestors and its franchisees for leads.

HomeVestors further responds that discovery is ongoing and HomeVestors will supplement its response to this interrogatory as necessary as discovery progresses pursuant to Rule 33(a)(2).

**INTERROGATORY NO. 17:**

For each MARK that you contend WBD infringed or otherwise violated, state the complete legal and factual basis for YOUR contention, including an identification of each such MARK.

**SECOND AMENDED RESPONSE TO INTERROGATORY NO. 17:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "State the legal and factual basis." HomeVestors also objects to this interrogatory because it seeks information protected by the attorney-client privilege, work-product doctrine, or other applicable privileges or exemptions from discovery.

Subject to and without waiving the foregoing, and as detailed in HomeVestors' First Amended Complaint ["FAC," D.I. 14], HomeVestors is asserting four counts based on the UGLIEST HOUSE Marks shown in Exhibit B. The following is a summary of the facts (those currently known and those expected to be developed during discovery) that HomeVestors is currently aware of that supports HomeVestors' claims.

**COUNT I: Trademark Infringement Under the Lanham Act, 15 U.S.C. § 1114**

Trademark infringement is determined based on a likelihood of confusion test. The Third Circuit applies a ten-part analysis known as the *Lapp* factors after *Interpace Corporation v. Lapp, Inc.*, 721 F.2d 460 (3d Cir. 1983) for determining whether a likelihood of confusion exists. The following is a high-level summary of what HomeVestors is currently aware of that supports HomeVestors' trademark infringement claims for its UGLIEST HOUSE Marks:

*1. Similarity of the marks.*

WBD is using nearly identical marks to advertise and promote its television program and home renovation contest to the public and to potential home sellers. WBD is using the mark UGLIEST HOUSE IN AMERICA, while HomeVestors has incontestable trademark registrations for its home renovation contest THE UGLIEST HOUSE OF THE YEAR, namely Reg. Nos. 5,304,576 and 5,304,577. In addition, WBD routinely emphasizes the UGLIEST HOUSE portion of the mark in its advertising and promotion of the show or only uses UGLIEST HOUSE (e.g., in social media advertising), which is identical to the dominant portion of HomeVestors' THE UGLIEST HOUSE OF THE YEAR mark. For example, HomeVestors owns Reg. No. 5,304,577 for the following design mark:



WBD routinely emphasizes the UGLIEST HOUSE portion of the title of its television show, and routinely uses only UGLIEST HOUSE in social media advertising (e.g., the hashtag #UgliestHouse), to both advertise the show and to recruit homeowners/potential contestants, as illustrated below:







Docusign Envelope ID: 037C14EA-1916-4765-9049-2A908B2126A5



These and other images from WBD can be found on WBD's various social media sites, including https://www.instagram.com/h_gtv/ and many others, which can be found via a search using the #UgliestHouse hashtag (e.g., https://www.instagram.com/explore/tags/ugliesthouse/).

As shown in the FAC (e.g., paragraph 35), WBD also uses additional marks to advertise the show to homeowners and would-be contestants, including emphasizing the words UGLY and HOUSE or HOUSES. As detailed in the FAC, HomeVestors owns numerous WE BUY UGLY HOUSES registrations, as well as a portfolio of UGLY HOUSES marks identified in Exhibit A of the FAC. When WBD advertises its show and emphasizes UGLY and HOUSES or HOUSE, it is using similar marks to HomeVestors' UGLIEST HOUSE marks, including HomeVestors' famous WE BUY UGLY HOUSES marks.

For example regarding Reg. Nos. 3,099,814, 2,999,705, and 5,172,916, WBD uses advertising to solicit homeowners/potential contestants using variations of UGLY HOUSE and UGLY HOUSES, as shown by way of example below:

29

# Be On HGTV

## HGTV Now Casting Ugly-House Homeowners

Does your house have some "questionable" design choices? Funky colors? Clashing wallpaper or carpet patterns? Outlandish layouts and furniture? Eccentric finishes? HGTV would like to hear from you.

https://www.hgtv.com/shows/be-on-hgtv/hgtv-now-casting-ugly-house-homeowners, and at https://ugliesthouseinamerica.castingcrane.com/. In addition, Big Fish, while soliciting homeowners for the show, routinely referred to the show as the "Ugly House Renovation Show," and used other iterations of "Ugly House" show terms (see, e.g., BFE_005133).

Notably, as shown in Exhibit A of HomeVestors' First Amended Complaint [DI 14], HomeVestors owns a large family of UGLY and UGLIEST HOUSE Marks. "In comparing the senior user's family of marks with the junior user's mark, the question is not whether the junior user's mark is similar to the senior user's individual marks, but whether the junior user's mark would be likely to be viewed as a member of the senior user's family of marks." 4 McCarthy on Trademarks and Unfair Competition§ 23:61 (5th ed. 2022). In this case, WBD's UGLIEST HOUSE IN AMERICA would be viewed as part of HomeVestors' family of UGLIEST HOUSE Marks.

*2. The strength of the owner's marks.*

HomeVestors has been using the WE BUY UGLY HOUSES marks (Reg. Nos. 3,099,814 and 2,999,705) since at least 1999, and the WE BUY UGLY HOUSES marks have become famous. HomeVestors has been using THE UGLIEST HOUSE OF THE YEAR marks since at

least 2007. HomeVestors and its franchisees have spent millions of dollars a year advertising and promoting the UGLIEST HOUSE marks nationwide for almost 25 years. For example, HomeVestors and its franchisees have spent over $600 million advertising and promoting the WE BUY UGLY HOUSES marks over the past 10 years. In addition, HomeVestors routinely enforces its trademark rights to ensure that only HomeVestors and its franchisees are using the UGLIEST HOUSE marks and similar marks in the real estate space. Further, HomeVestors owns a large family of marks where the dominant portion are UGLY or UGLIEST, ensuring that HomeVestors is associated with marks for services in the residential real estate space that feature the marks UGLY and UGLIEST, such as the UGLIEST HOUSE Marks. Further, HomeVestors receives substantial third-party press, which generally refers to HomeVestors as the "WE BUY UGLY HOUSES" company.

In addition, before WBD launched its television show UGLIEST HOUSE IN AMERICA, HomeVestors was the only company utilizing the mark UGLIEST HOUSE in connection with a real-estate related contest. Further, before WBD launched its show, internet and social media searches for UGLIEST HOUSE would routinely yield HomeVestors' content and content about HomeVestors' THE UGLIEST HOUSE OF THE YEAR contest as the primary search results.

Pursuant to Rule 33(d), HomeVestors further identifies the following documents showing its advertising spending, the reach of its advertising, media mentions, and transactions for the past four years: HVA_00034515, HVA_00030528, HVA_00030981, HVA_00031087, HVA_00031087, HVA_00024556, HVA_00024556, HVA_00036341, HVA_00036344, HVA_00036344, HVA_00036344, HVA_00037509, HVA_00037509, HVA_00038062,

HVA_00038062, HVA_00040410, HVA_00040422, HVA_00040521, HVA_00040542, HVA_00040556, and HVA_00040308 - HVA_00040579.

*3. The price of the goods and other factors indicative of the care and attention expected of consumers when making a purchase.*

HomeVestors' extensive advertising is intended to generate leads or connects between its franchisees and homeowners that might be interested in selling their homes "as is." In particular, the goal of HomeVestors' extensive advertising is to ensure that homeowners that own houses with issues (such as design flaws or being in disrepair) are aware that HomeVestors' franchisees are willing to buy their homes "as is." Many of these properties are in need of renovation before they can be sold, but the homeowners do not desire to invest the time or the money to complete those renovations. Many of these same homeowners are likely to engage with WBD in pursuit of a free home renovation to increase the value and marketability of their homes. There is no cost for a homeowner to call HomeVestors and speak to one of its franchisees, just as there is no cost for these same homeowners to seek to become contestants on WBD's televised home renovation contest. While the sale of a residential home is a substantial transaction, WBD is not seeking to buy houses for its show UGLIEST HOUSE IN AMERICA. Instead, WBD is diverting leads and effectively taking houses off of the market while those homeowners compete for the chance to obtain a free $150,000 remodel and exposure for their home by being on an HGTV show. If a homeowner is considering selling a unique home that would normally be sold below market value due to its design flaws or other unique characteristics, that would be a potential lead for HomeVestors. However, if that homeowner could also be on HGTV and win a remodel, they are unlikely to sell to HomeVestors.

HomeVestors further responds that Big Fish Entertainment and WBD have produced data and spreadsheets showing both actual and potential contestants, such as WBD's talent/casting/appearance release contracts (e.g., WBD 0001751 - WBD 0003717) and Big Fish's spreadsheets showing actual and potential contestants (e.g., BFE_000024, BFE_000027, BFE_000595, BFE_000677, BFE_000760, BFE_000844, BFE_003701, BFE_003709, BFE_003732, BFE_003735, BFE_003758, BFE_003761, BFE_003784, BFE_003810, and BFE_003811). A preliminary comparison of the names and address of people and houses that were actual and potential contestants for the show Ugliest House in America shows a considerable overlap with the leads in HomeVestors CRM Salesforce database called UGVille (*see* HVA_00045376), such as potential contestants and HomeVestors' leads being in the same geographic areas, and having similar houses in terms of home values and sellability. In addition, HomeVestors has examples of specific homes where a HomeVestors franchisee has directly competed with WBD for homes (*see, e.g.*, HVA_00045288 - HVA_00045351).

*4. The length of time the defendant has used the mark without evidence of actual confusion.*

Defendant has been using the infringing marks since approximately late 2021 to solicit homeowners as potential contestants, and advertise the television show. HomeVestors has identified at least several instances of actual confusion. For example, the National Association of Realtors confused the names of WBD's show and HomeVestors' contest (*see*, *e.g.*, https://www.nar.realtor/blogs/styled-staged-sold/inside-the-ugliest-house-in-americas-transformation, produced at HVA_00024674). And one of HomeVestors' own marketing vendors confused the names of WBD's show and HomeVestors' contest (*see, e.g.*, HVA_00036243, HVA_00036338, and HVA_00035887).

Discovery is ongoing and HomeVestors is investigating potential incidents of actual confusion. Notably, both WBD's production company Big Fish Entertainment and numerous of HomeVestors' franchisees made a connection between WBD's television show and HomeVestors' services provided under the UGLIEST HOUSE Marks. Further, as detailed in HomeVestors' response to Interrogatory No. 12, because HomeVestors is a real estate franchisor, it is unlikely to uncover instances of homeowners actually being confused.

*5. The intent of the defendant in adopting the mark.*

HomeVestors incorporates its responses to Interrogatory Nos. 14, 15, and 16.

*6. The evidence of actual confusion.*

HomeVestors is investigating potential incidents of actual confusion. Notably, both WBD's production company Big Fish Entertainment and numerous HomeVestors' franchisees made a connection between WBD's television show and HomeVestors' services provided under the UGLIEST HOUSE marks. As one example, the National Association of Realtors was recently confused between the title of WBD's show and the name of HomeVestors' contest as shown in this blog post:

https://www.nar.realtor/blogs/styled-staged-sold/inside-the-ugliest-house-in-americas-transformation

And one of HomeVestors' own marketing vendors confused the names of WBD's show and HomeVestors' contest (*see, e.g.*, HVA_00036243, HVA_00036338, and HVA_00035887).

Further, as detailed in HomeVestors' response to Interrogatory No. 12, because HomeVestors is a real estate franchisor, it is unlikely to uncover instances of homeowners actually being confused.

Docusign Envelope ID: 837C14EE-1816-47EF-9049-2A908B2126A5

### *7. Whether the goods are marketed or advertised through the same channels.*

At a minimum, both HomeVestors and WBD market and advertise their services through sponsored search results and social media. In addition, both HomeVestors and WBD are routinely featured in the same news sources, real estate trade journals, social media, Google searches, and websites, such as realtor.com and nar.realtor. Further, both HomeVestors and WBD advertise directly to homeowners. For example, as part of its casting efforts, Big Fish reach out directly to homeowners, realtors, and brokers in seeking homes for the UGLIEST HOUSE IN AMERICA show, and in doing so, used marks that are identical or confusingly similar to the UGLIEST HOUSE Marks.

### *8. The extent to which the targets of the parties' sales efforts are the same.*

Both HomeVestors and WBD are competing for homeowners that own homes with issues, such as design flaws, competing for homeowners that want to remodel their homes, and competing for homes in the same geographic areas. Big Fish has only recently provided a listing of actual and potential contestants to HomeVestors. HomeVestors expects to show an overlap between those that apply to be contestants on WBD's show and those that respond to HomeVestors' advertising.

HomeVestors further responds that Big Fish Entertainment and WBD have produced data and spreadsheets showing both actual and potential contestants, such as WBD's talent/casting/appearance release contracts (e.g., WBD 0001751 - WBD 0003717) and Big Fish's spreadsheets showing actual and potential contestants (e.g., BFE_000024, BFE_000027, BFE_000595, BFE_000677, BFE_000760, BFE_000844, BFE_003701, BFE_003709, BFE_003732, BFE_003735, BFE_003758, BFE_003761, BFE_003784, BFE_003810, and BFE_003811).  A preliminary comparison of the names and address of people and houses that were actual and potential contestants for the show UGLIEST HOUSE IN AMERICA shows a

considerable overlap with the leads in HomeVestors CRM Salesforce database called UGVille (*see* HVA_00045376), such as potential contestants and HomeVestors' leads being in the same geographic areas, and having similar houses in terms of home values and sellability. In addition, HomeVestors has examples of specific homes where a HomeVestors franchisee has directly competed with WBD for homes (*see, e.g.*, HVA_00045288 - HVA_00045351).

   *9. The relationship of the goods in the minds of consumers.*

   HomeVestors contends that both its UGLIEST HOUSE Marks and WBD's UGLIEST HOUSE IN AMERICA (and other UGLY and UGLIEST HOUSE and HOUSES marks) relate to the same goods and services, namely houses with issues, such as design flaws or being in states of disrepair. For example, HomeVestors' THE UGLIEST HOUSE OF THE YEAR marks, namely Reg. Nos. 5,304,576 and 5,304,577, cover "[o]rganizing and promoting contests for advertising purposes; promoting the sale of services of others by conducting contests." HomeVestors contends that these are the same services that WBD is providing in connection with its show, namely organizing and promoting a home renovation contest for advertising purposes, and promoting the sale of goods/services by others (namely WBD's advertisers) by conducting a home renovation contest that is aired on television.

   *10. Other factors.*

   HomeVestors incorporates its responses to Interrogatory Nos. 14, 15, and 16. In addition, HomeVestors states that given the widespread advertising of the UGLIEST HOUSE IN AMERICA show by WBD as compared to the more limited advertising of HomeVestors' THE UGLIEST HOUSE OF THE YEAR contest, consumers might mistakenly believe that it is HomeVestors that has copied WBD or is attempting to use WBD's show to advertise the HomeVestors' home renovation contest, creating a potential for reverse confusion. For example,

before WBD launched its show, HomeVestors' content was the primary search result when conducting internet and social media searches for UGLIEST HOUSE. Today, WBD's content is the primary search result when one searches UGLIEST HOUSE in internet or social media searches. In addition, there is substantial overlap between WBD's efforts to obtain homeowners for its various reality TV shows, such as the UGLIEST HOUSE IN AMERICA show, and HomeVestors and its franchisees. For example, one of HomeVestors' former franchisees, Pace Morby, has a show on A&E called Triple Digit Flip. And one of WBD's reality TV stars on HGTV, Tarek El Moussa, not only has his own residential real estate company, but was infringing HomeVestors' trademarks, including the asserted WE BUY UGLY HOUSES marks, while also being a host on one of HGTV's home renovation shows called Flip or Flop.

HomeVestors and WBD also have overlapping vendor relationships. For example, The Sherwin-Williams Company is HomeVestors' preferred vendor to supply HomeVestors franchisees with paint to renovate the properties they purchase.

In fiscal year 2023, HomeVestors received $355,882 from this vendor relationship with The Sherwin-Williams Company, as stated in the 2024 Franchise Disclosure Document. HomeVestors also has a vendor relationship with Lowe's Home Centers that provides discounts to HomeVestors franchisees who purchase materials for their property rehabs with rebates paid to HomeVestors.  HomeVestors has learned that WBD similarly had or has vendor relationships with

both The Sherwin-Williams Company and Lowe's, as it offers an HGTV Home by Sherwin Williams co-branded paint sold at Lowe's stores, as depicted here:

 

**COUNT II: Unfair Competition Under the Lanham Act, 15 U.S.C. § 1125**

HomeVestors incorporates its responses to Interrogatory Nos. 14, 15, and 16 and its prior response to this interrogatory.

**COUNT III: Dilution under the Lanham Act, 15 U.S.C. § 1125**

HomeVestors incorporates its responses to Interrogatory Nos. 14, 15, and 16 and its prior response to this interrogatory. Pursuant to Rule 33(d), HomeVestors further identifies the following documents showing its advertising spending, the reach of its advertising, and transactions for the past four years: HVA_00040308 - HVA_00040579.

In particular, HomeVestors contends that its WE BUY UGLY HOUSES marks, namely Reg. Nos. 3,099,814 and 2,999,705, are famous. WBD, by using similar marks to promote its show and to solicit homeowners/potential contestants for its show, is diluting HomeVestors' famous WE BUY UGLY HOUSES marks by blurring.

**COUNT IV: Injury to business reputation; dilution under 6 DE Code § 3313**

HomeVestors incorporates its responses to Interrogatory Nos. 14, 15, and 16 and its prior response to this interrogatory. Pursuant to Rule 33(d), HomeVestors further identifies the following documents showing its advertising spending, the reach of its advertising, and transactions for the past four years: HVA_00040308 - HVA_00040579. These include advertising spending and transactions in Delaware.

In particular, HomeVestors contends that its WE BUY UGLY HOUSES marks, namely Reg. Nos. 3,099,814 and 2,999,705, are famous in Delaware. WBD, by using similar marks to promote its show and to solicit homeowners/potential contestants for its show, is diluting HomeVestors' famous WE BUY UGLY HOUSES marks by blurring under Delaware law.

HomeVestors further responds that discovery is ongoing and HomeVestors will supplement its response to this interrogatory as necessary as discovery progresses pursuant to Rule 33(a)(2).

**INTERROGATORY NO. 18:**

If YOU contend that the UGLIEST HOUSE MARKS are famous or have acquired secondary meaning, state the complete legal and factual basis for YOUR contention.

**AMENDED RESPONSE TO INTERROGATORY NO. 18:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions. HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "State the legal and factual basis."

Subject to and without waiving the foregoing, HomeVestors responds that all of the UGLIEST HOUSE Marks have acquired secondary meaning. For example, all of the UGLIEST HOUSE Marks are registered on the principal register and many of which are incontestable. In

addition, HomeVestors' WE BUY UGLY HOUSES marks are famous due to the longevity of HomeVestors' use, the amount of advertising dollars spent in connection with those marks, and the level of recognizability in the public.  For example, HomeVestors and its franchisees have spent over $600 million advertising and promoting the UGLIEST HOUSE marks over the past 10 years.  HomeVestors also incorporates by reference its response to Interrogatory No. 17.  Pursuant to Rule 33(d), HomeVestors further identifies the following documents showing its advertising spending, the reach of its advertising, and transactions for the past four years: HVA_00040308 - HVA_00040579.

**INTERROGATORY NO. 19:**

State the complete legal and factual basis for YOUR contention that YOU have been harmed by WBD's alleged conduct, including in YOUR response a detailed description of the nature and dollar amount of all damages that YOU contend YOU have suffered as a proximate result of WBD's alleged conduct.

**AMENDED RESPONSE TO INTERROGATORY NO. 19:** HomeVestors incorporates its Preliminary Statement and Objections to Definitions and Instructions.  HomeVestors objects to this Interrogatory as overly broad, unduly burdensome, seeking information that is not relevant to the claims and defenses in this matter, and disproportional to the needs of the case, especially in light of the definition of "State the legal and factual basis."  HomeVestors further objects because this interrogatory seeks information that is subject to expert testimony.

Subject to and without waiving the foregoing, HomeVestors responds that it has been harmed in multiple ways as detailed in its First Amended Complaint. For example, WBD is depriving HomeVestors of the ability to have ownership and exclusive control over its UGLIEST HOUSE Marks because WBD is using similar marks to offer a home renovation contest and to

Docusign Envelope ID: 837C14E4-1846-47E5-9049-2A908B2128A5

solicit homeowners. This third-party use opens the door to other third parties claiming the right to infringe on HomeVestors' UGLIEST HOUSE Marks. Further, due to the size of WBD and the extensive reach of WBD and HGTV, HomeVestors' content (and content about HomeVestors, its franchisees, and its home renovation contest) are no longer the primary search results when Internet users search for UGLIEST HOUSE (and similar terms found in the UGLIEST HOUSE Marks) on the Internet or social media sites. Instead, WBD's show (and Internet content about the show) are the top search results. In addition, given the extensive side and reach of WBD and HGTV, consumers are likely to mistakenly believe that HomeVestors (although it is the senior user) modeled or copied its home renovation contest after WBD's show, thus creating reverse confusion. Further, WBD is actively competing with HomeVestors for leads for houses using HomeVestors' UGLIEST HOUSE Marks. By dangling the opportunity of a free $150,000 remodel to HomeVestors' prospective home sellers, WBD is interfering in HomeVestors' franchisees' ability to (1) obtain those leads and (2) turn those leads into transactions. While none of these areas of harm are quantifiable in terms of monetary damages, they are all harm that HomeVestors has and will continue to suffer unless WBD is enjoined from further infringement. Further, such harm justifies curative advertising, which should be awarded.

In terms of monetary damages, HomeVestors seeks disgorgement of WBD's profits for the show UGLIEST HOUSE IN AMERICA. Discovery into WBD's revenue and profits for the show is ongoing, and quantifying the revenue and profits will be the subject of expert testimony. HomeVestors has elected not to pursue money damages based on any other theories.

OF COUNSEL:
HOLLAND & KNIGHT LLP
Justin S. Cohen
Justin.Cohen@hklaw.com
Dina W. McKenney
Dina.McKenney@hklaw.com
One Arts Plaza
1722 Routh St., Suite 1500
Dallas, TX 75201
214-969-1700

Cynthia A. Gierhart
HOLLAND & KNIGHT LLP
Cindy.Gierhart@hklaw.com
800 17th Street NW, Suite 1100
Washington, DC 20006

*/s/ Kelly E. Farnan*
Kelly E. Farnan (#4395)
Christine D. Haynes (#4697)
Richards, Layton & Finger, P.A.
One Rodney Square
920 North King Street
Wilmington, DE 19801
(302) 651-7700
farnan@rlf.com
haynes@rlf.com

*Attorneys for Plaintiff*
*HomeVestors of America, Inc.*

Dated: September 13, 2024

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 13, 2024, true and correct copies of the foregoing

document were caused to be served on the following counsel of record as indicated:

| | |
|---|---|
| **BY E-MAIL** | **BY EMAIL** |
| Michael J. Flynn | Aaron J. Moss |
| Jennifer Ying | Joshua Geller |
| Morris, Nichols, Arsht & Tunnell LLP | Hannah G. Waldman |
| 1201 N. Market Street | Greenberg Glusker Fields Claman |
| Wilmington, DE  19801 | & Machtinger LLP |
| | 2049 Century Park East |
| | Suite 2600 |
| | Los Angeles, CA 90067 |

/s/ Kelly E. Farnan
Kelly E. Farnan (#4395)
farnan@rlf.com

# EXHIBIT A

# HomeVestors' Trademark Lawsuits

| Title | Civil Action # | Court |
|---|---|---|
| HomeVestors of America, Inc. v. Warner Bros. Discovery, Inc. | 1:22-cv-01583 | D.Del. |
| Homevestors of America, Inc. v. Balossi et al | 3:22-cv-01611 | D.P.R. |
| HOMEVESTORS OF AMERICA, INC. v. TOLIVER | 1:20-cv-03496 | D.D.C. |
| HomeVestors of America, Inc. v. REIThink Media, LLC | 1:22-cv-11976 | D.Mass. |
| Homevestors of America, Inc. v. Moss Home Solutions, LLC | 1:22-cv-00390 | D.R.I. |
| HomeVestors of America, Inc. v. Loera et al | 1:22-cv-00929 | W.D.Tex. |
| Homevestors of America, Inc. v. Johnson | 1:22-cv-01903 | D.Colo. |
| HomeVestors of America Inc v. McNaughton et al | 3:22-cv-05111 | W.D.Wash. |
| Homevestors of America, Inc. v. Sage Lane GA et al | 1:22-cv-01666 | N.D.Ga. |
| Homevestors of America Inc v. Woodruff | 2:22-cv-00829 | D.S.C. |
| HomeVestors of America, Inc. v. Adams et al | 1:22-cv-00176 | E.D.Cal. |
| Homevestors of America Inc v. Woodruff Investing LLC | 2:18-cv-02772 | D.S.C. |
| HomeVestors of America, Inc. v. Deshong et al | 3:21-cv-02954 | N.D.Tex. |
| Homevestors of America, Inc. v. Rusnak et al | 1:21-cv-03322 | N.D.Ill. |
| HomeVestors of America Incorporated v. Terry | 2:21-cv-00064 | D.Ariz. |
| HomeVestors of America, Inc. v. Su Casa USA, LLC | 4:20-cv-04383 | S.D.Tex. |
| HomeVestors of America, Inc. v. Clevenger | 2:20-cv-00751 | M.D.Fla. |
| HomeVestors of America, Inc. v. Quezada et al | 6:20-cv-01074 | M.D.Fla. |
| Homevestors of America, Inc v. James Russell Balsamo et al | 8:16-cv-00765 | C.D.Cal. |
| HomeVestors of America Inc v. Painter et al | 3:20-cv-00558 | N.D.Tex. |
| HomeVestors of America Incorporated v. EZ Home Buyers LLC | 2:19-cv-04811 | D.Ariz. |
| Homevestors of America, Inc. | 8:18-cv-01377 | M.D.Fla. |
| Homevestors of America Inc v. CCB Investment LLC | 2:18-cv-00852 | E.D.Wis. |
| HomeVestors of America, Inc. v. The Mandrell Company, LLC | 1:18-cv-11209 | D.Mass. |
| HomeVestors of America, Inc. v. Becker | 6:18-cv-00893 | M.D.Fla. |
| HomeVestors of America, Inc. v. Cypress Lake Home Solutions, LLC | 4:18-cv-01877 | S.D.Tex. |
| HomeVestors of America Incorporated v. Pudney | 2:18-cv-01794 | D.Ariz. |
| HomeVestors of America Incorporated v. Phase1 Investments LLC | 2:18-cv-01795 | D.Ariz. |
| Homevestors of America, Inc. v. Creative Management & Consulting Corp. d/b/a CMCHousebuyer.com | 2:18-cv-01231 | D.Nev. |
| HomeVestors of America, Inc. v. Joel Ostenburg | 1:18-cv-03958 | N.D.Ill. |
| HomeVestors of America, Inc. v. Mass Property Solutions, LLC | 1:18-cv-11206 | D.Mass. |
| Homevestors of America, Inc v. CAB Properties, LLC | 1:18-cv-03960 | N.D.Ill. |
| HomeVestors of America, Inc v. Markham Hodges | 4:18-cv-01876 | S.D.Tex. |
| Homevestors of America, Inc. v. Fantini | 1:18-cv-03741 | E.D.N.Y. |
| HomeVestors of America, Inc. v. Styl Properties, Inc. | 8:18-cv-00263 | D.Neb. |
| HomeVestors of America, Inc. v. Absher Partnership, RLLP | 5:18-cv-00106 | W.D.N.C. |
| HomeVestors of America Inc v. Provisionary Properties Inc | 3:18-cv-01473 | N.D.Tex. |
| HomeVestors of America, Inc. v. Virginia Home Buyers, LLC. | 1:18-cv-00675 | E.D.Va. |
| HomeVestors of America Inc v. Baker | 3:17-cv-03295 | N.D.Tex. |
| HomeVestors of America Inc v. Creative Management & Consulting Corp | 3:17-cv-03291 | N.D.Tex. |
| HomeVestors of America Inc v. Clevgo LLC | 3:17-cv-03294 | N.D.Tex. |

| | | |
|---|---|---|
| HomeVestors of America Inc v. Styl Properties, Inc. | 3:17-cv-03288 | N.D.Tex. |
| HomeVestors of America Inc v. CAB Properties LLC | 3:17-cv-03287 | N.D.Tex. |
| HomeVestors of America Inc v. Joel Ostenburg d/b/a Lean Houses | 3:17-cv-03286 | N.D.Tex. |
| HomeVestors of America Inc v. Absher Partnership RLLP | 3:17-cv-03285 | N.D.Tex. |
| HomeVestors of America Inc v. CCV Investment LLC | 3:17-cv-03282 | N.D.Tex. |
| HomeVestors of America Inc v. Woodruff Investing LLC | 3:17-cv-03279 | N.D.Tex. |
| HomeVestors of America Inc v. Pudney | 3:17-cv-03275 | N.D.Tex. |
| Homevestors of America, Inc. v. Thomasville Homes, LLC et al | 1:17-cv-00294 | D.Md. |
| HomeVestors of America Inc v. RM Homevestors Solutions LLC | 3:16-cv-03033 | N.D.Tex. |
| HomeVestors of America Inc v. Madison Real Estate Group LLC | 3:16-cv-03032 | N.D.Tex. |
| Homevestors of America Inc v. Exclusive Estates LLC | 3:16-cv-03030 | N.D.Tex. |
| Homevestors of America Inc v. Properties Central LLC | 3:16-cv-03026 | N.D.Tex. |
| HomeVestors of America Inc v. Homevest and Associates Inc | 3:16-cv-03031 | N.D.Tex. |
| Homevestors of America Inc v. The Patrick Grace Group Inc | 3:16-cv-03028 | N.D.Tex. |
| Homevestors of America Inc v.Carter | 3:16-cv-01536 | N.D.Tex. |
| HomeVestors of America Inc v. Coming Home Company LLC | 3:16-cv-03029 | N.D.Tex. |
| HomeVestors of America, Inc. v. Trejo et al | 5:16-cv-00270 | W.D.Tex. |
| HomeVestors of America, Inc. v. Grote et al | 1:16-cv-00381 | W.D.Tex. |
| Homevestors of America Inc v. Bown Properties LLC | 3:16-cv-01533 | N.D.Tex. |
| Homevestors of America Inc v. Coast 2 Coast Property Network LLC | 3:16-cv-01534 | N.D.Tex. |
| HomeVestors of America Incorporated v. Terry et al | 2:16-cv-00852 | D.Ariz. |
| Home Vestors of America, Inc. v. Elizabeth Ann Perez, et al | 5:15-cv-00893 | W.D.Tex. |
| HOMEVESTORS OF AMERICA, INC. v. CHATTO et al | 3:16-cv-01828 | D.N.J. |
| Homevestors of America Inc v. Bayou City Buyers LLC | 3:16-cv-01532 | N.D.Tex. |
| Homevestors of America Inc v. Frontier Properties LLC | 3:16-cv-01535 | N.D.Tex. |
| Homevestors of America, Inc. v. Urbanowski et al | 1:16-cv-04010 | N.D.Ill. |
| HomeVestors of America Inc v. KLM Homevestors LLC | 3:16-cv-00229 | N.D.Tex. |
| HomeVestors of America, Inc. v. Bogue et al | 8:16-cv-00439 | M.D.Fla. |
| HomeVestors of America, Inc. v. Painter et al | 1:16-cv-00405 | S.D.Ohio |
| HomeVestors of America, Inc. v. Ridge et al | 4:16-cv-00096 | E.D.Tex. |
| Homevestors Of America, Inc v. Perez et al | 4:16-cv-00304 | S.D.Tex. |
| Homevestors of America Inc v. AAA Investing Group LC | 3:16-cv-00230 | N.D.Tex. |
| HomeVestors of America Inc v. Robyn Thompson | 3:15-cv-03616 | N.D.Tex. |
| HomeVestors of America Inc v. Coleman et al | 3:15-cv-03339 | N.D.Tex. |
| HomeVestors of America, Inc. v. Markette et al | 5:14-cv-00716 | W.D.Tex. |
| HomeVestors of America Inc v. LeGate et al | 3:12-cv-01850 | N.D.Tex. |
| HomeVestors of America, Inc. v. Buley et al | 4:10-cv-00282 | E.D.Tex. |
| Homevestors of America Inc v. Homebuyers LLC | 3:07-cv-00296 | N.D.Ind. |

# EXHIBIT B

# HomeVestors' UGLIEST HOUSE Marks

| MARK | REG. NO. |
|------|----------|
| THE UGLIEST HOUSE OF THE YEAR | 5,304,576<br>(Incontestable) |
|  | 5,304,577<br>(Incontestable) |
| WE BUY UGLY HOUSES | 3,099,814<br>(Incontestable) |
| WE BUY UGLY HOUSES | 2,999,705<br>(Incontestable) |
| UGLY HOUSE? | 5,172,916<br>(Incontestable) |

## **VERIFICATION**

I,  Larry Goodman, am the Chief Executive Officer of HomeVestors of America, Inc.

("HomeVestors") and am qualified and authorized by HomeVestors to make this verification.

I verify that I have read HomeVestors' Second Amended Objections and Responses to

Defendant's Interrogatories Nos. 1-19 dated September 13, 2024. The answers to Defendant's

Interrogatories were prepared with the assistance of legal counsel. The factual matters stated

therein are within my personal knowledge, or to the extent that the factual matters stated therein

are outside my personal knowledge, that the information contained therein was furnished by

employees, representatives or counsel of HomeVestors or has been derived from the business

records maintained by HomeVestors; and that the facts contained therein are true and correct to

the best of my knowledge and belief.


I declare under penalty of perjury that the foregoing verification is true and correct.


Executed on September 13, 2024.

Signed by:

*Larry Goodman*
B190EF5A0E35443...

Larry Goodman
Chief Executive Officer
HomeVestors of America, Inc.