IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOMEVESTORS OF AMERICA, INC., <br><br> Plaintiff, <br><br> v. <br><br> WARNER BROS. DISCOVERY, INC., <br><br> Defendant. | Civil Action No. 22-1583-RGA |

ORDER

I read two sealed discovery letters, their attachments, and Mr. Messina's declaration. (D.I. 175, 177, 178). Warner Bros. Discovery seeks to compel a public relations firm to respond to a subpoena.

First, the subpoena is late. Fact discovery closed October 30, 2024. (D.I. 152). I had a dispute relating to fact discovery that I resolved on November 15, 2024. (D.I. 157). On November 26, 2024, I pushed back the date for the opening expert reports to December 13, 2024. (D.I. 164). In early December, there was another dispute about fact discovery. (D.I. 167, 168). I resolved that on December 9, 2024. (D.I. 169). On December 13, four expert reports were served. (D.I. 173, 174). On January 13, 2025, this dispute was brought to my attention when Defendant filed a letter. (D.I. 175). Plaintiff opposed on January 21, 2025. (D.I. 177). The next day the second round of expert reports were served. (D.I. 180, 181). It looks like the deposition of one expert has been taken and the other three are scheduled for about ten days from now. I do not think there is anything approaching good cause for how long it has taken to bring this dispute to my attention.

Second, based on review of the materials, including the power point that prompted this dispute and the declaration of Mr. Messina, I think this is a wild goose chase. The power point looks exactly like what one of the deposition witnesses called it – a pitch. It is evident from both Mr. Messina and the fact that discovery has already been sought from Plaintiff that there is no contract between the third party and Plaintiff, there are no formal analyses of Plaintiff's marks or brand, and there are no written recommendations regarding a public relations strategy. The prior email searches of the two primary contacts of Plaintiff should have picked up any relevant communications between the third party and Plaintiff. I do not think internal documents of the third party are relevant. The extent of relevant media coverage is something that I expect the experts are addressing.

The request for third-party discovery (D.I. 175) is DENIED.

IT IS SO ORDERED this 31st day of January 2025.

/s/ Richard G. Andrews
United States District Judge