## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

HOMEVESTORS OF AMERICA, INC.,

      Plaintiff,

    v.

WARNER BROS. DISCOVERY, INC.,

      Defendant.

Civil Action No. 22-1583-RGA

### MEMORANDUM ORDER

Before me is Defendant's Motion to Withdraw Jury Demand and for a Bench Trial. (D.I. 264). I have considered the parties' briefing. (D.I. 265, 275, 278). For the reasons set forth below, this motion is GRANTED.

HomeVestors sued Warner Bros. Discovery, Inc. ("WBD") for three trademark infringement claims and one Delaware statutory trademark claim. (D.I. 1; D.I. 14 (First Amended Complaint)). In neither complaint did HomeVestors request a jury trial. When, however, WBD answered the First Amended Complaint, it demanded a jury trial. (D.I. 34 at 13). The jury trial is set for August 25, 2025. (D.I. 40).

WBD now argues that, because HomeVestors has "unequivocally abandoned all claims for actual damages, electing instead to pursue exclusively equitable relief" (D.I. 265 at 1), HomeVestors is not entitled to a jury trial. WBD therefore seeks to withdraw its jury demand and have a bench trial instead. (D.I. 264). In the alternative, WBD seeks to bifurcate all issues of remedies from the rest of the trial. (D.I. 265 at 15–17).

1

In cases with no statutory right to a jury trial, "courts must balance two factors" to determine whether the Seventh Amendment entitles a party to a jury trial. *AstraZeneca LP v. Tap Pharm. Prods., Inc.*, 444 F. Supp. 2d 278, 287 (D. Del. 2006).

> First, [courts] compare the statutory action to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, [courts] examine the remedy sought and determine whether it is legal or equitable in nature. The second stage of this analysis is more important than the first.

*Id.* The Lanham Act does not grant a right to a jury trial. *Id.*[1] "In Lanham Act cases, courts have generally determined whether or not to grant a jury trial based on the relief sought[,]" *id.* at 288, because the first factor—the historical nature of the claim itself—is inconclusive (D.I. 265 at 9– 10; D.I. 275 at 4) (both collecting cases). Therefore, the parties' dispute focuses on whether the remedies HomeVestors seeks sound in law or equity. At this stage of litigation, HomeVestors seeks three forms of relief: injunctive relief, disgorgement, and attorneys' fees and costs. (D.I. 265 at 3–5).[2] HomeVestors does not challenge the view that injunctive relief and attorneys' fees and costs are equitable forms of relief for which it is not entitled to a jury trial. (*See generally* D.I. 275). The question, then, is whether HomeVestors is entitled to a jury trial because it seeks disgorgement. (*Id.* at 3–7).

The parties present opposing arguments on this issue. WBD cites several cases in which the Third Circuit and district courts within the Third Circuit describe disgorgement as an equitable remedy. (D.I. 265 at 11–12). HomeVestors relies on *Dairy Queen, Inc. v. Wood*, 369 U.S. 469,

---

[1] The parties do not address the Delaware Trademark Act, except to say that the only form of relief it contemplates is injunctive relief. (D.I. 265 at 11 n.2) (citing Del. Code tit. 6, § 3313). With respect to the right to a jury trial, I treat the Delaware Trademark Act as operating under the same general principles as the Lanham Act.

[2] That is WBD's conclusion based on HomeVestors' interrogatory responses and expert report on damages. (D.I. 265 at 3–5). HomeVestors does not challenge this characterization of their outstanding claims for relief. (D.I. 275 at 1–2).

477 (1962) and a string of non-binding cases from other circuits for the proposition that disgorgement is treated as a claim for damages in a trademark infringement case. (D.I. 275 at 4–6). I agree with WBD.

First, WBD's authority is compelling. In *Kars 4 Kids Inc. v. Am. Can!*, 8 F.4th 209, 223 (3d Cir. 2021), the Third Circuit, quoting the relevant statute, described disgorgement as "subject to the principles of equity." In *Banjo Buddies, Inc. v. Renosky*, 399 F.3d 168, 172 (3d Cir. 2005), the Third Circuit characterized disgorgement—an "accounting of profits" as described in that and other cases—as an "equitable remedy for Lanham Act violations." And in at least three Lanham Act cases, district courts in the Third Circuit have concluded that disgorgement did not entitle a party to a jury trial. *See Castrol, Inc. v. Pennzoil Quaker State Co.*, 169 F.Supp. 2d 332, 344 (D.N.J. 2001) ("A plain reading of the Lanham Act remedy section unqualifiedly weighs against [the defendant's] interpretation that [it is] entitled to a jury trial on the disgorgement of profits issue."); *Vulcan Print Media, Inc. v. Las Vegas Sports News*, 2001 WL 35974201, at *1 (E.D. Pa. Nov. 20, 2001) ("The Court finds, however, that a claim for disgorgement of profits is indeed equitable in nature and, thus, not suitable for a jury."); *Am. Cyanamid Co. v. Sterling Drug, Inc.*, 649 F. Supp. 784, 787 (D.N.J. 1986) ("Restitution for the disgorgement of unjust enrichment is an equitable remedy with no right to a trial by jury.") (quoting *Roberts v. Sears, Roebuck & Co.*, 617 F.2d 460, 465 (7th Cir. 1980)). HomeVestors does not respond to any of these cases, except to say that the Third Circuit in *Banjo Buddies* "merely acknowledged the district court below awarded a disgorgement of profits as an equitable remedy" rather than squarely deciding the issue for itself.

(D.I. 275 at 6).  That is not an especially persuasive argument,[3] and, in any event, says nothing about cases apart from *Banjo Buddies*.

Second, I do not find *Dairy Queen* on point.  In that case, the Supreme Court considered a dispute between parties to a trademark licensing contract in which the district court had denied the defendant's demand for a jury trial.  *Dairy Queen*, 369 U.S. at 474.  The plaintiffs alleged that the defendant had breached the contract by "defaulting on the contract's payment provisions" and had continued to use the plaintiffs' trademark after the termination of the contract.  *Id.* at 474–75.

> The complaint then prayed for both temporary and permanent relief, including: (1) temporary and permanent injunctions to restrain petitioner from any future use of or dealing in the franchise and the trademark; (2) an accounting to determine the exact amount of money owing by petitioner and a judgment for that amount; and (3) an injunction pending accounting to prevent petitioner from collecting any money from 'Dairy Queen' stores in the territory.

*Id.* at 475.  The Court considered "[t]he most natural construction of the [plaintiffs' complaint as] a claim that they [were] entitled to recover whatever was owed them under the contract as of the date of its purported termination plus damages for infringement of their trademark since that date[,]" *id.*, but the Court also acknowledged that the complaint could be construed in other ways, *id.*  Regardless, the Court concluded that it was

> unnecessary to resolve this ambiguity in the [plaintiffs'] complaint because . . . it [is] plain that [the plaintiffs'] claim for a money judgment is a claim wholly legal in its nature however the complaint is construed. As an action on a debt allegedly due under a contract, it would be difficult to conceive of an action of a more traditionally legal character.  And as an action for damages based upon a charge of trademark infringement, it would be no less subject to cognizance by a court of law.

*Id.* at 477.

---

[3] I agree that the *Banjo Buddies* statement occurs during the Court's summation of the relevant events in the trial court.  But the part that I cite appears to be the Court's own gloss on the Lanham Act, not simply a recital of what the trial court may have stated.

4

I do not find this case relevant. For one thing, it might accurately be described as concerning a dispute over contract damages, rather than trademark infringement. For another, even if the case were interpreted as concerning trademark infringement damages, that is still not the same thing as disgorgement of profits. As the Second Circuit concluded in *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 133 (2d Cir. 2014), under *Dairy Queen*, "both an action for debt due under a contract and an action for damages based upon a charge of trademark infringement are legal claims." The Third Circuit, in *Newfound Mgmt. Corp. v. Lewis*, 131 F.3d 108, 116 (3d Cir. 1997), described *Dairy Queen* as holding that "where equitable and legal claims are joined in the same action, there is a right to jury trial on the legal claims which must not be infringed either by trying the legal issues as incidental to the equitable ones or by a court trial of a common issue existing between the claims." Stated at any level of generality, *Dairy Queen*'s holding would not seem to extend to cases where the plaintiff seeks disgorgement unaccompanied by a legal remedy. HomeVestors does not cite a single case in the Third Circuit in which a party was entitled to a jury trial because it (or the other party) sought disgorgement.

Further, as noted above, HomeVestors does not attempt to distinguish most of the cases WBD cites in which courts determined that disgorgement was a purely equitable remedy. One of these cases, *American Cyanamid*, explicitly discussed *Dairy Queen* and found it inapplicable. The court in that case concluded, "[B]ecause a claim for profits seeks relief recognized by the Seventh Amendment as fundamentally different from a claim for damages, the cases relied upon by American Cyanamid[, including *Dairy Queen*]—involving claims for both damages and unjust profits—cannot be interpreted as blurring the two claims and rendering legal an otherwise purely equitable claim for profits." *Am. Cyanamid*, 649 F. Supp. at 789. Based on the foregoing, I conclude that HomeVestors' claim for disgorgement does not entitle it to a jury trial.

HomeVestors separately argues that it is entitled to a jury trial because it has relied on WBD's jury demand. (D.I. 275 at 7). However, a jury trial is not required if "the court, on motion or on its own, finds that on some or all of [the issues for which a jury is demanded] there is no federal right to a jury trial." Fed. R. Civ. P. 39(a)(2). I have made such a finding. Further, "[s]ince a court has the power to act *sua sponte* at any time under Rule 39, it follows that a court has the discretion to permit a motion to strike a jury demand at any time, even on the eve of trial." *Tracinda Corp. v. DaimlerChrysler AG*, 502 F.3d 212, 226–27 (3d Cir. 2007) (cleaned up). I do not agree that HomeVestors' reliance entitles it to a jury trial.

Finally, I decline to bifurcate the trial. A jury trial is not necessary as to any issue remaining in the case.

IT IS SO ORDERED.

Entered this 5ᵗʰ day of August, 2025

United States District Judge